UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERRY PENMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:05-cv-1429-DFH-TAB |
| ) | |
| OFFICER FRANKLIN D. WOOTEN, ) | |
| OFFICER STEVEN M. HAYTH, ) | |
| OFFICER MARVIN CUMMINS, and ) | |
| OFFICER GREGORY CRABTREE, ) | |
| ) | |
| Defendants. ) | |

ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Jerry Penman has sued Indianapolis police officers Franklin Wooten, Steven Hayth, Marvin Cummins, and Gregory Crabtree for arresting him and allegedly using excessive force in doing so on September 23, 2003. Penman seeks relief under 42 U.S.C. § 1983, claiming that his rights under the Fourth Amendment of the United States Constitution were violated. The defendant officers have moved for summary judgment on Penman's claims. As explained below, summary judgment is granted. Plaintiff has failed to come forward with specific evidence showing there is a genuine issue of fact as to the lawfulness of his arrest and the officers' use of force to arrest him. Plaintiff's only evidence from his affidavit – a statement that "at no time during my arrest did I resist or in any way attempt to escape the arresting officers" – is too conclusory to present a genuine issue for trial.

*Summary Judgment Standard*

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate when there are no genuine issues of material fact, leaving the moving parties entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving parties must show there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A factual issue is material only if resolving the factual issue might change the suit's outcome under the governing law. *Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence; it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. See Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 255; *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (reversing summary judgment for defendant in excessive force case).

In this case, defendants supported their motion for summary judgment with their sworn interrogatory responses and with Officer Hayth's affidavit testifying in detail how plaintiff resisted arrest. Plaintiff's entire affidavit is as follows:

1. That I am currently a resident of the State of Indiana.

2. That I was involved in an incident on September 23, 2003.

3. That this incident involved the above named officers.

4. That at no time during my arrest did I resist or in any way attempt to escape the arresting officers.

Defendants filed a reply and moved to strike plaintiff's statement of material facts. Penman filed an "Amended Statement of Material Facts In Dispute" and "Amended Complaint" that, among other things, corrected the lack specific citations to evidence required by Southern District of Indiana Local Rule 56.1. However, these amended documents did not include any new admissible evidence in the form of affidavits, depositions, or discovery responses that would support Penman's general denial that he did not "resist or in any way attempt to escape the arresting officers." The "Facts" section of the "Amended Complaint" mentions that "Sandra Helmick and Cassius Clay Helmick witnessed these events." However, Penman has not provided depositions or similarly admissible evidence from these witnesses that would dispute the officers' version of the events. Plaintiff may not rely on the complaint itself, and his affidavit is too conclusory to present a genuine issue for a trial.

*Undisputed Facts*

On September 23, 2003 at approximately 6:20 p.m. Officers Hayth and Wooten were on routine patrol in Indianapolis. Two individuals, Carl Clay and Jade Long, stopped them at the corner of 10th Street and Bradley Avenue. The officers observed that Clay had a laceration on the left cheek of his face, was bleeding, and had difficulty talking due to the pain in his jaw. Long told the officers that their car had broken down. When they had parked the vehicle in front of the house at 4904 Elliott Avenue, an individual had arrived home, had accused Clay and Long of breaking into his home, and had begun punching Clay in the face.

Officers Wooten and Hayth went to the house at 4904 Elliott Avenue. Clay and Long accompanied them. They encountered Penman, and Clay and Long identified Penman as the individual who had attacked Clay. The officers talked to Penman, who stated that he had assumed that the man and the woman outside his house had broken into his home because he saw his front door open. When the officers asked what occurred next, Penman became "belligerent" (Hayth Aff. ¶ 2) and would not answer further questions.

Officer Hayth called for additional help, and Officers Crabtree and Cummings arrived on the scene. The officers told Penman that he was under arrest and ordered him to place his hands behind the back. Penman moved away from the officers and refused to be handcuffed. The officers had to grab Penman

and force him to the ground due to his twisting, turning, moving his arms, tucking his arms up to his chest, tucking his arms underneath him when on the ground, and rolling around on the ground. The officers had to pry Penman's hands out from under him to place him in handcuffs when he did not obey several commands to stop resisting. See Hayth Affidavit and Hayth and Wooten Answers to Interrogatories.

Penman was arrested for battery as a class C felony; resisting law enforcement by fleeing, a class A misdemeanor; and resisting law enforcement by force, a class C felony. At the criminal trial, Penman was found not guilty of the charges. He then filed this civil action against the officers.

*Discussion*

I.    *Unlawful Arrest Claim*

Penman brings his false arrest claim pursuant to 42 U.S.C. § 1983, which provides a cause of action against "Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Penman contends that Officers Wooten, Hayth, Cummins, and Crabtree violated his Fourth Amendment rights when they arrested him on September 23, 2003.

Probable cause is a complete defense to a false arrest claim under the Fourth Amendment. *Biddle v. Martin*, 992 F.2d 673, 678 (7th Cir. 1993). A law enforcement officer has probable cause to arrest someone when a prudent person, knowing the facts and circumstances within the knowledge of the arresting officer, would believe that the suspect had committed or was committing an offense. Probable cause is often "a matter of degree, varying with both the need for prompt action and the quality of information available." *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993). "This flexible, commonsense approach does not require that the officer's belief be correct or even more likely true than false, so long as it is reasonable." *Wollin v. Gondert*, 192 F.3d 616, 623 (7th Cir. 1999), citing *Texas v. Brown*, 460 U.S. 730, 742 (1983).

The Seventh Circuit has held that "when an officer has 'received his information from some person – normally the putative victim or an eye witness – who it seems reasonable to believe is telling the truth,' he has probable cause." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1247 (7th Cir. 1994) (affirming summary judgment for defendants on false arrest claim where officers relied on information from an eyewitness), citing *Grimm v. Churchill*, 932 F.2d 674, 675 (7th Cir. 1991); see also *Kelley v. Myler,* 149 F.3d 641, 647 (7th Cir. 1998) (affirming summary judgment for police officers who had probable cause for an arrest based on witness's information: "Probable cause does not depend on the witness turning out to have been right; it's what the police know, not whether they know the truth that matters."); *Woods v. City of Chicago,* 234 F.3d 979, 996 (7th Cir. 2000)

(affirming summary judgment for the officers who had arrested plaintiff on witness's complaint that plaintiff had brandished a lead pipe and threatened to kill the witness; "an identification or a report from a single credible victim or eyewitness can provide the basis for probable cause" ).  Relevant factors in the probable cause determination by police may include evidence gathered from interviews and investigations.  *Sheik-Abdi*, 37 F.3d at 1247.  However, these interviews and investigations are "not in any way a prerequisite to a finding of probable cause."  *Id.*

A court may find as a matter of law that probable cause existed only "when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them."  *Sheik-Abdi,* 37 F.3d at 1246; accord, *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999).  In this case, that condition is met.  The undisputed facts show that the officers had probable cause to arrest Penman for the crime of battery.  Under Indiana Code § 35-42-2-1(a)(3), a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner, which results in serious bodily injury to any other person, commits battery as a class C felony.  The officers observed that Clay had a bleeding laceration on the left cheek of his face and that he had difficulty talking due to the pain in his jaw.  Hayth Aff. ¶ 6.  Both Clay and Long identified Penman at the scene of the attack as the individual who had struck Clay.  *Id.* at ¶ 8.  Penman also told the officers that he had confronted Clay and Long but provided no other information.  *Id.* at ¶ 9.  Penman instead became "belligerent" and refused to

answer the officers' questions regarding what had happened after he had observed the man and woman outside the home. *Id.*

The undisputed facts show that the facts and circumstances within the officers' knowledge both from witness testimony and from their own observations led the officers to believe reasonably that Penman had committed the crime of battery. Consequently, the officers had probable cause for his arrest. Plaintiff has not offered any evidence to the contrary.

II.      *Excessive Force Claim*

The officers also seek summary judgment on Penman's Fourth Amendment claim for the use of excessive force. (There is no separate Eighth Amendment claim for a person who has not yet been convicted of a crime.) The officers have provided evidentiary affidavits and interrogatory responses testifying in detail that Penman resisted arrest by "twisting, turning, moving his arms, tucking his arms up to his chest, tucking his arms underneath him when on the ground, rolling around on the ground." See Wooten Response to Interrog. 3.

Rule 56(e) of Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not

>so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Penman has not come forward with evidence that would allow a reasonable jury to find that the officers used force that was excessive under the circumstances.  He has said nothing under oath about the degree of force that was used.  His only evidence in opposition consists of one statement in his affidavit:  "That at no time during my arrest did I resist or in any way attempt to escape the arresting officers."  Penman Aff. ¶ 4.  This statement must be characterized as a conclusory general denial, and it falls well short of what he needs to prove to establish a claim for excessive force.

The defendants have established beyond dispute that they were entitled to arrest Penman. The "right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  This right is not without limits.  A "police officer's use of force is unconstitutional if, 'judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest.'" *Payne v. Pauley*, 337 F.3d 767, 778 (7th Cir. 2003), citing *Lester v. City of Chicago*, 830 F.2d 706, 713 (7th Cir. 1987); see also *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985) (the court must look to whether the totality of the circumstances justified the seizure).

In determining whether an officer has used excessive force, the fact-finder must balance the intrusion to the individual with the government interests at stake. This requires consideration of the severity of the crime(s) at issue, whether the suspect posed an immediate threat to the safety of others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Graham*, 490 U.S. at 396. In so doing, the court must view the circumstances "from the perspective of a reasonable officer on the scene." *Id.*

In light of these standards, Penman's terse affidavit falls well short of his burden of proof. He has not attempted to address the totality of circumstances the officers faced. He has not even addressed the degree of force used by the officers to make the arrest. The most he has done is provide a general denial that he resisted arrest or attempted to flee. Even on this narrow question affecting only part of the relevant inquiry, his general denial is not sufficient to raise a genuine issue of fact.

The Supreme Court has said that the object of Rule 56(e) is "not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Id.* at 888-89.

The Seventh Circuit has repeatedly found that conclusory statements similar to Penman's denial were not sufficient to present a genuine issue of fact to defeat summary judgment. For example, in *Laborers' Pension Fund v. RES Environmental Services, Inc.*, 377 F.3d 735, 739 (7th Cir. 2004), the affidavit of the defendant's representative stated: "It has been my personal experience that the accounting firms who perform audits to verify the amount of contributions that may be owed regularly include employees and hours that are not covered by the [CBA]." The court ruled that this affidavit was insufficient to prevent summary judgment because it provided no information raising an issue of fact and affirmed the summary judgment for the plaintiff. *Id.*

> In an employment discrimination case, the plaintiff's affidavit stated:
>
> Management . . . took a scapegoat approach in dealing with employee problems and generally tended to cover up matters. . . . Every time I, or any other African American employee went to Dean Coleman with a problem involving another employee, who was white, Dean Coleman would never conduct an investigation or take any action against that white employee.

*Drake v. Minnesota Mining & Manufacturing Co.*, 134 F.3d 878, 887 (7th Cir. 1998). The Seventh Circuit affirmed summary judgment for the defendant, holding that these conclusory allegations should be disregarded on summary judgment. "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Id.*

"The plaintiffs' singular and conclusory denial that the deeds were issued on an 'erroneous assumption' that plaintiffs' parents were shareholders was not responsive."  *Heck v. Rodger*s, 457 F.2d 303, 306 (7th Cir. 1972).  The sole conclusory and unresponsive denial made by plaintiffs in *Heck* did not raise a genuine issue as to a material fact.  *Id.* at 307.  Plaintiffs filed no opposing affidavit.  They made no attempt to set forth specific facts that would demonstrate that there was a genuine issue for trial.  *Id.*  See also *Toro Co. v. Krouse, Kern & Co.*, 827 F.2d 155, 162-63 (7th Cir. 1987) (parties' affidavits did not set forth such facts as would be admissible in evidence; conclusory statements are unacceptable to satisfy the standards of Rule 56(e)).

Similarly, in *Walker v. Hoffman*, 583 F.2d 1073, 1075 (9th Cir. 1978), the appellant claimed in an affidavit that he was "harassed" by forestry officials.  The Ninth Circuit saw no obstacle to summary judgment:  "But this amounts to nothing more than an unsupported conclusory allegation insufficient to generate a 'genuine issue' as to the good faith of the appellees."  *Id.*

Statements that merely deny adverse allegations are also not sufficient to oppose a motion for summary judgment. *Fitzsimmons v. Greater St. Louis Sports Enterprises*, Inc., 63 F.R.D. 620, 622 (S.D. Ill. 1974) ("statement in opposition" that merely denied adverse allegations was insufficient to defeat motion for summary judgment).  "The nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of

fact.'" *California Union Ins. Co. v. City of Walnut Grove,* 857 F. Supp. 515, 519 (S.D. Miss. 1994), citing *In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982). "To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial." *Id.*

In this case, the officers submitted evidentiary affidavits testifying in detail how Penman resisted arrest. Their evidence was sufficient to require Penman to come forward with evidence that would allow a jury, if it believed his evidence, to find that the officers used force against him that was excessive in light of the totality of the circumstances they faced at the time. He needed to present specific facts that would contradict the testimony by the officers and provide a genuine issue for trial. Penman has not done that. His one sentence denial that he did not resist arrest is similar to the plaintiff's "singular and conclusory denial that the deeds were issued on an 'erroneous assumption'" in *Heck* case. Penman's statement in the affidavit is also similar to the "unsupported conclusory allegation" that the appellant was "harassed" by forestry officials in *Walker* case, or to the denial of adverse allegations in *Fitzsimmons* case. Penman's single sentence conclusory denial provides less information than the affidavit in *Drake* case. In all these cases the courts ruled that the party had provided insufficient evidence to oppose the motion for summary judgment. The courts required the

non-moving party to provide specific, significant probative evidence that would dispute the corresponding claims in the opponent's evidentiary statement.

Penman's conclusory denial of his resistance to the arrest would not be sufficient to carry the burden of proof during trial proceedings. It is also not sufficient to oppose the motion for summary judgment. As a result, defendants' motion for summary judgment must be granted with the respect to plaintiff's excessive force claims under 42 U.S.C. § 1983.

*Conclusion*

Defendants' motion for summary judgment is granted on the merits, without reaching issues of qualified immunity. Final judgment shall be entered dismissing this action with prejudice.

So ordered.

Date: November 29, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

-15-

Copies to:

James B. Osborn
OFFICE OF CORPORATION COUNSEL
josborn@indygov.org

January Nicole Portteus
ROBERTS & BISHOP
jportteus@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com

Ian L. Stewart
OFFICE OF CORPORATION COUNSEL
istewart@indygov.org

Michael T. Wallace
ROBERTS & BISHOP
mwallace@roberts-bishop.com